Delville **BENNETT,** Petitioner–Appellant,

v.

Brian S. **FISCHER,** Superintendent, Respondent–Appellee.

No. 06–2196–pr.

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

Georgia J. Hinde, New York, NY, for Petitioner–Appellant.

Diane R. Eisner, Assistant District Attorney (Victor Barall and Leonard Joblove, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY, for Respondent–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Delville Bennett appeals from a judgment denying habeas corpus relief under 28 U.S.C. § 2254 entered by the United States District Court for the Eastern District of New York (Weinstein, *J.*) on April 21, 2006. We assume the parties' familiarity with the underlying facts, the prolonged and complex procedural history, and the issues on appeal.

Bennett was convicted of second degree murder after a jury trial in New York State Supreme Court. During opening statements at trial, Bennett's counsel, James L. Koenig ("Counsel"), promised the jury an alibi defense. The first of what Counsel intended would be three alibi witnesses testified that he recalled being at the crime scene when the murder took place because he was preparing for the upcoming Memorial Day celebration; however, as both parties later stipulated, Memorial Day fell three days *before* the murder. After conferring with another alibi witness, Counsel decided that the alibi defense was flawed and abandoned it as a trial strategy. One of the two other alibi witnesses was Carmen Salas, whose account of a random encounter with Bennett on the street did not square with Bennett's, as both accounts evolved over time.

The jury convicted Bennett of second degree murder.

Bennett unsuccessfully appealed his conviction through the state court system. The Appellate Division ruled that his ineffective assistance claim was "without merit."

Bennett filed a habeas petition in federal district court alleging ineffective assistance of counsel. Shortly thereafter, the district court stayed his federal habeas proceedings so that Bennett could first exhaust his state remedies.

In New York State Supreme Court ("Supreme Court"), Bennett filed a motion to vacate his conviction under N.Y.Crim. Proc. Law § 440.10 on the same basis as his federal petition. The Supreme Court denied the motion, both because Bennett failed to attach sworn affidavits as required by N.Y.Crim. Proc. Law § 440.30, and because his claim of ineffective assistance of counsel failed to satisfy the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Appellate Division denied leave to appeal.

The state remedies exhausted, the district court then reopened the instant habeas petition. Bennett attached statements—this time sworn affidavits—from Bennett and Salas. The district court held that, to the extent that Bennett relied on affidavits not presented to the Supreme Court, he had not exhausted his state remedies. Failure to exhaust notwithstanding, in 2003, the district court went on to deny the writ on the merits.

When Bennett applied to this Court for a certificate of appealability, we vacated the district court's 2003 decision and remanded to the Supreme Court so that Bennett could exhaust his state remedies. In Supreme Court, Bennett again moved to vacate his conviction, making the same arguments he made the first time around, this time supported by sworn affidavits. The Supreme Court ruled that the motion was procedurally barred under two independent provisions of N.Y.Crim. Proc. Law § 440.10, including a provision allowing the Supreme Court to deny a motion to vacate when the ground or issue raised in the motion was previously determined on the merits upon a prior motion in the state courts. Bennett was denied leave to appeal to the Appellate Division.

The district court reopened the habeas proceedings and ordered an evidentiary hearing to reconsider the ineffective assistance of counsel claim. Judge Weinstein refused to consider the state's argument that a procedural bar prevented federal consideration of Bennett's claim, citing this Court's mandate, issued in 2004, to "reconsider the claim [that Bennett was denied effective assistance due to Counsel's failure to call additional alibi witnesses at trial] once it is fully exhausted."

Bennett, Salas, and Counsel testified before Judge Weinstein at the hearing. The judge assessed credibility as well as Counsel's trial strategy, and concluded that Bennett had failed to establish a claim for ineffective assistance of counsel under *Strickland,* but granted a certificate of appealability on the issue of whether Bennett was denied effective assistance of counsel because of Counsel's failure to present the alibi witnesses.

*Procedural Bar*

When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, a state procedural default will generally bar federal habeas review of a claim only when "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotation and citation omitted).

Bennett does not claim "cause" for his failure to attach affidavits to his motion to

vacate. Further, the parties do not dispute the independence or explicitness of the state procedural grounds. This leaves the question of whether this case falls within "the small category of cases in which [the] asserted state grounds are inadequate to block adjudication of the federal claim" or "in which exorbitant application of a generally sound rule renders the state ground inadequate" to bar consideration of the federal constitutional claim. *See Lee v. Kemna,* 534 U.S. 362, 376, 381, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002).

The state contends that the *second* denial of vacatur bars habeas review. If this Court were going to hold review barred on independent and adequate state procedural grounds, then it would certainly examine the underlying affidavit requirement (which was the basis of the *first* denial) as well. But because we affirm the district court on the merits, we need not reach the question of whether a New York State procedural bar prevents our review of Bennett's ineffective assistance of counsel claim on the merits.

### AEDPA Deference

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas on the basis of any claim adjudicated on the merits in state court unless that adjudication "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The State argues that no deference is owed because the state court's ruling (1) was not on the merits, and (2) misapplied *Strickland.*

We see no merit in Bennett's claim that the Supreme Court applied the incorrect standard, as the record clearly reflects that the Supreme Court engaged in the appropriate two-part analysis. Even assuming that we were to review the merits of Bennett's *Strickland* claim *de novo,* we would still affirm the district court; so, we need not reach the question of whether the Supreme Court's denial of vacatur was on the merits.

### The Merits

The heart of Bennett's ineffective assistance of counsel claim is that Counsel's failure adequately to interview and prepare every alibi witness prior to trial caused him to misjudge the strength of the defense, and consequently to abandon it.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a party who contends that he was afforded ineffective assistance must show that his counsel's performance was deficient, and "that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052. Under the second *Strickland* requirement, the party must show that, in the context of the particular case, there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

We affirm the district court's application of the *Strickland* test.

Further, we agree with the district court that, had Counsel prepared for trial in such a way that would lead him to present the full alibi defense, then the result of Bennett's trial would have been no different. Our holding is based both on the district court's credibility findings and on our own independent analysis of the record in this case.

After conducting its evidentiary hearing, the district court found that the alibi witness, Carmen Salas, "was moderately credible except that she could not be believed on the critical issue of the date and time she had a chance encounter with petitioner on the early morning of the murder" and that Bennett was "wholly incredible." *Bennett v. Fischer*, No. 02–cv–5232, 2006 WL 1084772, at *1, 2006 U.S. Dist. LEXIS 22981, at *3 (E.D.N.Y. Apr. 25, 2006). We accord these credibility findings great deference. *See United States v. Thorn*, 446 F.3d 378, 384 (2d Cir.2006). They reenforce the conclusion that we would have reached anyway: that the full alibi defense would not have prevailed at trial. The district court found the alibi witness to be not credible on the critical issue of when her chance encounter with Bennett took place. And to establish that date, Counsel would have had to place Bennett on the stand. But Bennett's version of the encounter differs so markedly from Salas's that his testimony would have served chiefly to impeach her.

Accordingly, we affirm the district court on the merits for substantially the same reasons laid out in Judge Weinstein's comprehensive opinion of April 21, 2006.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.